UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMOTHY BRELSFORD,<br>    Plaintiff,<br><br>v.<br><br>CT DEPARTMENT OF CORRECTION, et al.,<br>    Defendants. | CIVIL ACTION NO.<br>3:09-cv-23 (CFD) |

**RULING ON PLAINTIFF'S MOTION FOR**
**PRELIMINARY INJUNCTION [Dkt. #58]**

In the remaining claims in this civil rights action, the plaintiff, Timothy Brelsford, challenges the lack of grab bars in the Protective Custody Unit showers and in the restrictive housing unit cells and showers as violating his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Brelsford seeks a preliminary injunction preventing any defendant from placing him in the restrictive housing unit.

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis, internal quotation marks and citation omitted). Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

To obtain preliminary injunctive relief, the moving party must establish "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to of its claims to make them fair ground for litigation, plus a balance of hardships tipping decidedly in favor of the moving

party." *Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks and citation omitted), *cert. denied*, ___ U.S. ___, 131 S. Ct. 415 (2010).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless "the single most important prerequisite." To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if the court waits until the end of trial to resolve the harm.'" *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (citation omitted). The court should not take a categorical approach or assume that the plaintiff will suffer harm. Rather, "the court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the 'remedies available at law, such as monetary damages, are inadequate to compensate for that injury.'" *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (quoting *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

If a party seeks a mandatory injunction, *i.e.*, an injunction that alters the status quo by commanding the defendant to perform a positive act, he must meet a higher standard. "[I]n addition to demonstrating irreparable harm, "[t]he moving party must make a clear or substantial showing of a likelihood of success" on the merits, . . . a standard especially appropriate when a preliminary injunction is sought against government." *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (citations omitted). Questionable claims would not meet the likelihood of

success requirement. *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 340 (1999). Here, the plaintiff seeks to change the status quo by preventing the defendants from sending him to restrictive housing. Thus, he must meet this higher standard.

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir.1997). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., *Moore's Federal Practice* ¶ 65.04[3] (2d ed. 1995). Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

In his complaint, filed in 2009, the plaintiff alleges that he was sent to the restrictive housing unit only once, in 2007. The possibility that he will be sent there again during the pendency of this action is speculative. The plaintiff has not shown that he will be subject to actual and imminent harm if this motion is denied. The court concludes that preliminary injunctive relief is not warranted.

The plaintiff's motion [**Dkt. #58**] is **DENIED**.

**SO ORDERED.**

Dated this 22nd day of July 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge